### CRAWFORD v. WINSTON et al.

(Supreme Court, Appellate Division, First Department. November 11, 1898.)

TRUSTS—INSTRUCTIONS TO TRUSTEES—ARTICLES OF SEPARATION.

Where a husband and wife, on executing articles of separation, appointed trustees of a settlement for the maintenance of their child until her marriage or majority, the money to be paid over to the wife, and afterwards they were absolutely divorced, and the husband notified the trustees not to pay over any more money, there having been no termination of the trust, no allegation of conflicting claims, and no ambiguity in the terms, equity will not entertain a bill of the trustees for instructions as to how they should act.

Appeal from special term, New York county.

Action by John J. Crawford against Lillie Winston and others. From an interlocutory judgment on demurrer for defendants, the complainant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, McLAUGHLIN, and INGRAHAM, JJ.

John J. Crawford, in pro. per.
Henry W. Scott, for respondent.

INGRAHAM, J. The complaint alleges that the defendants Walker Winston and Lillie Winston were married on or about the 10th day of February, 1890, and subsequently executed articles of separation, a copy of which is annexed to the complaint, and under which the plaintiff and the defendant William A. McQuaid became parties as trustees; that subsequently this respondent commenced an action for an absolute divorce from the defendant Walker Winston in the district court of the territory of Oklahoma, and that a judgment was entered in said action granting to the said Lillie Winston an absolute divorce from the said Walker Winston; that the defendant Walker Winston has paid to the trustees named in the said instrument the sum of money therein required to be paid, and that there is now in the hands of the plaintiff, as one of the trustees, the sum of $75; that the defendant Walker Winston has notified the plaintiff not to pay the same over to the respondent; that the

plaintiff is ignorant of his duties in the premises, and cannot ascertain the same without the aid of the court, and therefore asks for instructions as to what disposition shall be made of the money in his hands, and whether the plaintiff and his co-trustee shall collect from the defendant Walker Winston any further sum under the agreement.

The agreement provides that it shall be lawful for the respondent to live separate and apart from her husband, giving to the respondent the sole custody, control, education, and bringing up of the infant child of the parties during her minority; that the defendant Walker Winston shall pay to the trustees the sum of $25 per month, in trust for the said wife, to be used for her support and the maintenance and education of the infant until the said infant shall arrive at age or shall have married. It is not alleged that either of the parties to the instrument has requested the enforcement of the obligations therein contained, or that the respondent has made any demand upon the trustees for the sum of money in their hands, or that any difference has arisen between the parties to the agreement as to the rights of either of the parties under it. There is no doubt as to the proper construction of the instrument itself, and the aid of the court is not required to determine the rights or obligations of the parties under it. The trust has not, by its terms, come to an end; so that a trust fund is in the hands of the trustees for distribution, and no accounting by the trustees is asked for, or would be proper, under the allegations of the complaint. We cannot see that any question is presented requiring the action of the court; nor does the protection of the plaintiff or his co-trustee require an application to the court. The court is simply requested to advise one of the trustees how to act, when there is no allegation of conflicting claims. Nothing is alleged to justify the trustees in submitting the parties to this agreement to the expense and annoyance of a legal proceeding, and we think that the court below correctly refused to entertain the action.

The judgment appealed from is affirmed, with costs. All concur; VAN BRUNT, P. J., in result.

BARRETT, J. (concurring). I agree with Justice INGRAHAM'S conclusion in this case. It will be observed that the trustee does not ask the court to construe the trust agreement. Its terms are, in fact, clear and precise. What he asks is advice and instruction with regard to the legal effect of certain facts dehors the instrument, which have come into existence since its execution. With these later facts the trustee has nothing to do. His duty is confined to the execution of the trust agreement. The only supplemental facts with which he has any concern are those contemplated by the agreement itself, e. g. the majority or marriage of the child, or the death prior thereto of either of the parents. If for any other reason, or because of any other outside fact, the agreement should be abrogated or modified, the party seeking such abrogation or modification must bring his or her action therefor. This is no concern of the trustee. His sole duty is embodied in the instrument, and he cannot come into

court, and ask for instructions as to whether he shall or shall not perform that duty strictly as prescribed. The former husband has here notified the trustee, in effect, to deviate from his duty under the agreement, and the trustee now asks us to instruct him as to whether he shall or shall not so deviate. He clearly is entitled to no instruction on that head. And he needs none in order to avoid responsibility. The only risk he runs is in listening to suggestions at variance with the strict tenor of his prescribed duty.

I concur in the affirmance of the judgment, with costs.

VAN BRUNT, P. J. I concur in the result. It seems to me, however, that the opinions as written do the very thing which it is held by the judgment herein that the court is not authorized to do, namely, give advice to a trustee as to the execution of his trust in an action founded upon a complaint filed for that purpose.